**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 03-1868

UNITED STATES OF AMERICA,

Appellee,

v.

MAYRA DIAZ, ETC.,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

---

Before

Selya, Lipez and Howard, Circuit Judges.

---

Tamara A. Barney, by appointment of the court, on brief for appellant.
Michael J. Sullivan, United States Attorney, and Susan M. Poswistilo, Assistant United States Attorney, on brief for appellee.

---

January 30, 2006

---

**SELYA**, **Circuit Judge**. A federal grand jury in the District of Massachusetts indicted defendant-appellant Mayra Diaz on various charges. See 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 2. Five other persons were accused in the original indictment, including Diaz's live-in boyfriend, Santiago Pache. After a four-day jury trial, Diaz was found guilty on two drug-trafficking counts. On May 20, 2003, the district court sentenced her to a 151-month incarcerative term (the bottom of the guideline sentencing range). This appeal ensued.

We need not tarry. This is a single-issue appeal in which Diaz asserts that because she was sentenced prior to the decision in United States v. Booker, 125 S. Ct. 738 (2005), and under the mandatory guidelines system then in effect, resentencing is required. Diaz concedes that this claim of error is unpreserved. It is, therefore, relegated to plain error review. See United States v. Guzmán, 419 F.3d 27, 30 (1st Cir. 2005); United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005).

In order to establish an entitlement to relief under the plain error standard, an appellant must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected [her] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). The first two prongs of the plain error test are satisfied

where, as here, the sentencing court treated the guidelines as mandatory rather than advisory. See Antonakopoulos, 399 F.3d at 75. Consequently, we proceed directly to the third and fourth prongs of the test.

With respect to these prongs, the appellant must show at a bare minimum that, had the error not occurred, there is a "reasonable probability" that she would have received a lesser sentence. Id. We have held that in many cases this third-prong showing will be "sufficient to undermine confidence in the outcome of the proceeding," id. at 78 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)), and, thus, will satisfy the fourth prong as well.

In light of the foregoing, the pivotal issue is whether, but for the then-mandatory nature of the sentencing guidelines, "it is reasonably likely that the district court would have imposed a more lenient sentence." Guzmán, 419 F.3d at 30. In answering this question, our reading of the record will neither be pettifogging nor overly strict. See United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005).

In this case, we believe that Diaz has satisfied the requirements for showing plain error. The district judge not only sentenced her to the shortest possible prison term available under the applicable guideline sentencing range but also characterized that sentence as "very severe." In virtually the same breath, the

judge noted pointedly that "the limits of [judicial] authority [were] provided by the Sentencing Guidelines." He went on to explain that he was bound to follow the dictates of the Sentencing Commission and, indirectly, of Congress. These allusions, taken in context, tend to show a belief that the then-mandatory guidelines tied the judge's hands.[1]

To cinch matters, the record reveals three special circumstances that suggest a reasonable likelihood of a lower sentence under an advisory guidelines regime. First, the sentencing judge appeared to be sensitive to the abusive relationship that existed between Diaz and her codefendant, Santiago Pache. While the judge found that this relationship did not justify a departure based on coercion, see supra note 1, he nonetheless concluded that the "dysfunctional relationship" placed Diaz "under a degree of duress." Second, Diaz's family circumstances, especially in relation to the care of her young child, were immaterial under the mandatory guidelines regime; now, however, the judge could very well find them compelling. Finally, the judge was sufficiently concerned about Diaz's cognitive ability and mental health that he ordered the Bureau of Prisons to conduct a psychiatric evaluation. Although the evaluation revealed that

---

[1]The judge's statements regarding his denial of Diaz's request for a downward departure reinforce this view. When handing down the sentence, he stated trenchantly that his "perception of intellectual honesty concerning the availability of departures" constrained him to stay within the guideline sentencing range.

Diaz was able to proceed to sentencing and to serve a sentence of incarceration, it confirmed that she suffered from an adjustment disorder.

We need go no further. Because the record, taken as a whole, indicates that the district court, if acting under an advisory guidelines system, might well have imposed a more lenient sentence, we vacate Diaz's sentence and remand for resentencing. If we have misread the district judge's inclination, it will be easy enough for him simply to reimpose the same sentence. At any rate, that is for the able district judge; for our part, we intimate no view as to what sentence should be imposed in the resentencing proceeding.

**The appellant's sentence is vacated and the case is remanded for resentencing**.